UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARRIN FORCE, on behalf of himself and other individuals similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>JBS LIVE PORK, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff Darrin Force ("Plaintiff"), on behalf of himself and other individuals similarly situated, known and unknown, for his Class Action Complaint against Defendant JBS Live Pork, LLC ("Defendant" or "JBS") states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this class action lawsuit against JBS seeking all available relief under the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay overtime wages for time spent on Defendant's premises at the beginning and end of the workday. Such time is compensable work time under Illinois law.

2. JBS's failure to pay for all time worked by its Illinois employees, and its corresponding failure to pay all earned overtime wages to its Illinois employees, violates the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq.*

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claim because the matter in controversy

is believed to exceed $5,000,000, and because Plaintiff and Defendant are citizens of different states.

4. Plaintiff is a citizen of Illinois.

5. Defendant is a citizen of Colorado and Delaware.

6. The number of proposed class members exceeds 100 individuals.

7. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

8. Plaintiff worked for Defendant in Beardstown, Illinois, which is in this District and Division.

## THE PARTIES

9. Plaintiff Darrin Force is an individual residing in Beardstown, Illinois.

10. The "Class Members," as further defined below, are all current and former hourly paid employees of JBS who have worked at least 37.5 hours in a single work week in JBS's Pork Production Facility in Beardstown, Illinois in the three-year period before the filing of this Complaint.

11. Defendant is a limited liability company headquartered in Greeley, CO.

12. Defendant is incorporated in Delaware.

13. Defendant is registered to do business in Illinois.

14. JBS was Plaintiff's "employer" within the meaning of the Illinois Minimum Wage Law, 820 ILCS § 105/3(c).

15. JBS was the "employer" of Class Members within the meaning of the Illinois

Minimum Wage Law, 820 ILCS § 105/3(c).

16. At all material times, JBS was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and Class Members.

17. At all material times, Plaintiff was an "employee" of JBS within the meaning of the Illinois Minimum Wage Law, 820 ILCS § 105/3.

18. Class Members were "employees" of JBS within the meaning of the Illinois Minimum Wage Law, 820 ILCS § 105/3.

## FACTUAL BACKGROUND

19. Defendant is a leading provider and processor of food products.

20. Defendant operates a pork production facility in Beardstown, Illinois.

21. Plaintiff Force worked for JBS as an hourly, non-exempt employee at the JBS facility located at 8295 Arenzville Road, Beardstown, IL 62618 (herein "Beardstown facility").

22. Plaintiff was employed by JBS at the Beardstown facility from approximately August 2018 to September 2022.

23. Plaintiff was scheduled to work for JBS at the Beardstown facility from Monday to Friday.

24. In addition to regularly working Monday through Friday, JBS also called on Plaintiff to work additional hours on Saturdays on an as needed basis.

25. In one or more individual work weeks during the three years prior to the filing of this Complaint, Plaintiff Force worked more than 40 hours a week.

26. In one or more individual work weeks during the three (3) years prior to the filing

of this Complaint, Plaintiff Force was paid for working more than 40 hours a week.

27. Defendant employed more than 500 hourly paid workers at the Beardstown facility in the prior three (3) years.

28. Defendant employed more than 500 hourly paid workers at the Beardstown facility who worked at least 37.5 hours in single work week in the prior three (3) years.

29. Plaintiff Force primarily worked second shift in the last year of his employment.

30. JBS's second shift began at 4:15 pm and typically ended around 12:30 or 12:45 am.

31. During busy production times, Plaintiff worked additional hours past 12:45 am.

32. Plaintiff regularly arrived at the Beardstown facility at 3:30 pm.

33. Plaintiff arrived at the Beardstown facility prior to the start of his shift to meet with his supervisor and prepare for the work day.

34. Plaintiff also arrived at the Beardstown facility prior to the start of his shift so he could don safety clothing and work equipment, including but not limited to wizard gloves, rubber gloves, arm guards, rubber apron, knives, knives pouch, mesh, frock, hard hat, and rubber boots.

35. Other Class Members arrived at the Beardstown facility prior to the start of their shifts so they could don safety clothing and work equipment.

36. Plaintiff also washed and sanitized his hands before the start of his shift.

37. Other Class Members washed and sanitized their hands before the start of their shifts.

38. Defendant required Plaintiff and Class Members to be at their assigned work location at the time their shift was scheduled to start.

39. Defendant considers employees to be late to work if they are not at their assigned

work locations at the time their shift was scheduled to begin.

40. Defendant threatened to discipline employees who were late to work.

41. Defendant required Plaintiff to arrive at the Beardstown facility prior to the scheduled start of his shift to perform activities that were necessary to prepare for the start of his shift.

42. Defendant required Class Members to arrive at the Beardstown facility prior to the scheduled start of their shifts to perform activities that were necessary to prepare for the start of their shifts.

43. JBS did not pay Plaintiff for the work activities he performed prior to the time his scheduled shift started.

44. JBS did not pay Class Members for the work activities they performed prior to the time their scheduled shift started.

45. Defendant did not pay Plaintiff Force and other Class Members for the time they were required to be on Defendant's premises prior to the time their scheduled shift started.

46. At the end of the workday, Defendant required Plaintiff and other Class Members to "clock out," walk through Defendant's facility to remove their safety clothing and work equipment, wash their safety clothing and work equipment, put their safety clothing and work equipment away, and change.

47. Defendant did not pay Plaintiff and other Class Members for the time they spent at the end of their shift walking through Defendant's facility to remove their safety clothing and work equipment.

48. Defendant did not pay Plaintiff and other Class Members for all the time they spent

at the end of their shift washing their safety clothing and work equipment.

49. Defendant did not pay Plaintiff and other Class Members for the time they spent at the end of their shift putting their safety clothing and work equipment away.

50. Defendant did not pay Plaintiff and other Class Members for the time they spent at the end of their shift changing.

51. Defendant did not pay Plaintiff Force and Other Class Members for all time they were required to be on Defendant's premises after their shift ended and before they exited the Beardstown facility.

52. Plaintiff Force and Other Class Members spent a minimum of 30 minutes a day performing pre-shift and post-shift work activities for which they were not compensated.

53. Plaintiff Force was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid time totaled over 40 hours per week in one or more work weeks in the prior 3 years.

54. The unpaid overtime hours should have been paid by JBS because it constitutes compensable time worked.

55. Under the IMWL, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

56. The time JBS required its hourly employees to be on the premises of its Beardstown facility constitutes "hours worked" under law.

57. The pre-shift time JBS required its hourly employees to be on JBS's premises,

including but not necessarily limited to the time JBS required hourly employees to meet with managers, don safety clothing and work equipment and wash and sanitize their hands before the start of their shift constitutes "hours worked" under Illinois law.

58.    The post-shift time JBS required its hourly employees to be on JBS's premises, including but not necessarily limited to the time JBS required hourly employees to walk through Defendant's facility to remove their safety clothing and work equipment, wash their safety clothing and work equipment, put their safety clothing and work safety clothing and work equipment away, and then change constitutes "hours worked" under Illinois law.

59.    In light of JBS's conduct in not compensating Plaintiff and Class Members for all hours worked, Plaintiff and Class Members are owed significant unpaid wages and penalties.

## CLASS ACTION ALLEGATIONS

60.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed class, which is comprised of:

**Illinois Minimum Wage Law Class**

> **All current and former hourly paid employees of JBS who were paid for working at least 37.5 hours at JBS's Beardstown facility in at least one work week in the three-year period before the filing of the Original Complaint to the final resolution of this Action.**

61.    Plaintiff and Class Members are not exempt from the IMWL.

62.    Defendant agreed to pay Plaintiff and Class Members an hourly rate of pay for all time worked.

63.    Under the IMWL, Plaintiff and Class Members who work more than forty (40) hours in an individual work week are entitled to overtime pay.

64. Plaintiff and Class Members are similar to one another because they were all subject to the same alleged illegal practices: failing to pay overtime wages for time associated with various required activities arising on Defendant's premises at the beginning and end of the workday.

65. The Class includes more than 500 members.

66. As a result, the Class is so numerous that joining all Class Members in one lawsuit is not practical.

67. Plaintiff's claims are typical of the Class Members' claims because as a result of JBS's company-wide policies, Plaintiff and Class Members were not paid for all time worked each day and all overtime wages earned in individual work weeks and are owed significant unpaid wages.

68. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

69. Plaintiff retained counsel experienced in class action litigation involving unpaid wage claims.

70. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

   a. Whether JBS's practice of failing to pay for all time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday violates the IMWL;

   b. Whether JBS failed to pay Plaintiff and the Class wages for all overtime hours worked; and

   c. The proper measure of damages sustained by Plaintiff and the Class.

71. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

72. Plaintiff, the Class Members, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

73. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity. Class certification will eliminate the need for duplicate litigation.

74. The prosecution of this matter in hundreds of identical, individual lawsuits would create a risk of inconsistent results and would establish incompatible standards of conduct for JBS.

75. The identities of the Class Members are readily identifiable from JBS's records.

## COUNT I

### Violation of the Illinois Minimum Wage Law

76. Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

77. The IMWL entitles covered employees to overtime compensation of not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

78. Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

9

79. During all relevant times, Plaintiff and the IMWL Class Members were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

80. Plaintiff and the IMWL Class Members are not exempt from the IMWL.

81. Plaintiff and the IMWL Class Members routinely worked in excess of 40 hours per workweek.

82. As described in the foregoing paragraphs, Defendant's policy and practice of not paying for time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday is in violation of the IMWL. *See* 820 ILCS §§ 115/1 *et seq*.

83. Defendant knowingly failed to compensate Plaintiff and the IMWL Class Members for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL.

84. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Defendant is liable to Plaintiff and IMWL Class Members for, *inter alia*, unpaid wages for three years prior to the filing of the lawsuit, treble damages, statutory penalties in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and on behalf of all Class Members, pray that the Court:

1. Certify that this action may proceed as a class action;

2. Appoint Plaintiff as Representative of the Class, and appoint his counsel as Class Counsel;

3. Find and declare that JBS's policies and/or practices described above violate Illinois laws;

4. Award all unpaid wages, treble damages, statutory penalties, interest, and/or restitution to be paid by JBS for the causes of action alleged herein;

5. Award costs, and expenses, including reasonable attorneys' fees and expert fees;

6. Award pre-judgment and post-judgment interest, as provided by law; and

7. Order such other and further legal and equitable relief the Court deems just, necessary and proper.

Dated: January 22, 2025

Respectfully submitted,

*s/Maureen A. Salas*

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

*Attorneys for Plaintiff*